IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 24-167-5 |
| | : | |
| KENNETH TUCK | : | |

**ORDER**

AND NOW, this 10th day of September, 2026, upon consideration of the Defendant Kenneth Tuck's Motion to Dismiss the Indictment with Prejudice (ECF No. 124), and the Government's Response in Opposition (ECF No. 150), it is ORDERED the Motion (ECF No. 124) is DENIED.[1]

---

[1] On March 23, 2026, Defendant Kenneth Tuck moved to dismiss the indictment with prejudice, arguing the Double Jeopardy clause of the United States Constitution bars the current prosecution. *See* Mot. Dismiss, ECF No. 124. The Government filed a response in opposition. ECF No. 150. On September 10, 2026, the Government submitted a request for decision, raising to this Court's attention an email sent by Tuck's counsel expressing their intent to submit an interlocutory appeal if this Court were to deny the pending motion. ECF No. 192. The Court will address the Motion now to give the parties sufficient time to handle any appeals without unnecessarily delaying the trial date set for November 2026.

Tuck argues the current prosecution is barred by the collateral estoppel doctrine. In his motion, he asks this Court to discard binding Supreme Court precedent and apply the *Blockburger* test to determine if the federal kidnapping statute he is charged with is the "same offense" as the Pennsylvania state crime of kidnapping he was charged and acquitted of in 2008. Because the Federal Government is a separate and distinct sovereign from the Commonwealth of Pennsylvania, this Court agrees with the Government that *Gamble* controls and declines to dismiss the indictment.

In *Gamble v. United States*, the Supreme Court declined to overrule the longstanding interpretation of the Double Jeopardy Clause of the Fifth Amendment, holding the State may prosecute a defendant under state law even if the Federal Government has prosecuted them for the same conduct under a federal statute, and vice versa. 587 U.S. 678, 681 (2019). In *Gamble*, the defendant pled guilty to an Alabama state offense forbidding someone "convicted of a 'crime of violence'" from "own[ing] a firearm or hav[ing] one in his possession." *Id.* Subsequently, federal prosecutors indicted him for the same conduct under a federal law forbidding someone "convicted of 'a crime punishable by imprisonment for a term exceeding one year… to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition.'" *Id.* The Supreme Court rejected the defendant's challenge to the dual-sovereignty rule, affirming that the Federal Government's subsequent prosecution did not violate the Double Jeopardy Clause.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

Tuck fails to present any legal authority to convince the Court that the dual-sovereignty rule does not apply to his current indictment brought by the Federal Government. Instead, he requests this Court to apply the *Blockburger* test, pointing to Justice Gorsuch's dissent in *Gamble* as his sole source of authority. The Court agrees with the Government that this is the incorrect standard to apply. Even so, Tuck's challenge fails under the *Blockburger* test as well.

In *Blockburger*, the Supreme Court held "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). The federal kidnapping statute Tuck is charged with requires proof of the following elements: (1) that the defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away the victim; (2) that the defendant held the victim for ransom or reward and property belonging to the victim; (3) that the defendant used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; (4) that the defendant acted unlawfully, knowingly, and willfully; and (5) that the defendant's act resulted in the death of the victim. *See* Sand's Modern Federal Jury Instructions—Criminal P. 42.01 (2018); *Chatwin v. United States*, 326 U.S. 455, 461-64 (1946). The Pennsylvania statute requires proof that the defendant, "unlawfully removed another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions: (1) to hold for ransom or reward, or as a shield or hostage; (2) to facilitate commission of any felony or flight; (3) to inflict bodily injury on or to terrorize the victim or another; (4) to interfere with the performance by public officials or any government or political function." 18 Pa. Cons. Stat. § 2901(a) (2011). The federal statute requires proof of two elements not found in the Pennsylvania statute – one requiring an interstate nexus and one relating to the death of the victim. Additionally, the Pennsylvania statute requires proof the victim was transported a "substantial distance" or was confined for a "substantial period" of time. Accordingly, these are separate offenses under the *Blockburger* standard.

Lastly, Tuck argues the collateral estoppel doctrine bars this subsequent prosecution. He does not cite any case law for this proposition, nor does he explain how his previous acquittal satisfies any of the elements required for issue preclusion. Regardless, collateral estoppel does not apply to successive prosecutions by different sovereigns. *See U.S. v. Pungitore*, 910 F.2d 1084, 1106 n.18 (3d Cir. 1990); *see also U.S. v. Wilson*, 413 F.3d 382, 390 n. 10 (3d Cir. 2005); *U.S. v. Frumento*, 409 F. Supp. 136, 140 (E.D. Pa. 1976); *United States v. Stewart*, No. 1:07-CR-347, 2008 WL 11349784, at *2 (M.D. Pa. Apr. 7, 2008).