IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 24-167-5 |
| | : | |
| KENNETH TUCK | : | |

**ORDER**

AND NOW, this 16th day of September, 2026, upon consideration of the Defendant Kenneth Tuck's Motion to Dismiss Counts One and Two due to Violation of the Statute of Limitations and Preindictment Delay with Prejudice (ECF No. 125),[1] the Government's Response in Opposition (ECF No. 150), Defendant Tuck's Omnibus Motion to Supplement Pretrial Motions (ECF No. 164), the Government's response (ECF No. 165) and the Government's Motion to Dismiss Count One (ECF No. 154), it is ORDERED:

1. Defendant Tuck's Omnibus Motion to Supplement (ECF No. 164) is GRANTED,
2. Defendant Tuck's Motion to Dismiss Count One and Two (ECF No. 125) is GRANTED IN PART,[2] and

---

[1] The Court takes notice of the Superseding Indictment (ECF No. 155) filed on May 13, 2026, in which the Government dropped the conspiracy charge, labeled as Count One in the original Indictment filed on April 24, 2024. For purposes of this Order, Count One and Count Two refer to the original numbering in the April 24, 2024 indictment.

[2] On March 23, 2026, Defendant Kenneth Tuck moved to dismiss Count One and Two of the indictment with prejudice, arguing a five-year statute of limitations applies to Count One, as a non-capital offense, and if the jury were to find Tuck not guilty in the special interrogatory "resulting in death", then this five-year statute of limitations would also apply to Count Two. *See* Mot. Dismiss, ECF No. 125. Tuck also argues his right to Due Process was violated by the fourteen-year preindictment delay. *Id.* The Government filed a response in opposition. ECF No. 150. Subsequently, the Government also filed its own Motion to Dismiss Count One of the indictment, agreeing with Tuck that Count One, as a non-capital offense, is barred by 18 U.S.C. § 3281. *See* Mot. Dismiss, ECF No. 154. The Court will grant both motions as to Count One of the indictment and deny Tuck's Motion as to Count Two.

3. The Government's Motion to Dismiss Count One of the Indictment (ECF No. 154) is GRANTED.

---

As both parties correctly state, 18 U.S.C. § 3281 prohibits prosecutions for any non-capital offense unless the indictment is found within five years after the offense was committed. Count One of the indictment charges Tuck with conspiracy in violation of 18 U.S.C. § 1201, a non-capital offense. Therefore, the five-year statute of limitations applies to Count One. Because the offense at issue was allegedly committed in 2007, but not charged until 2024, the five-year statute of limitations has elapsed, and the Court will dismiss Count One with prejudice.

Turning to Count Two, kidnapping resulting in death is a capital offense because it is punishable by death or life imprisonment. 18 U.S.C. § 1201(a)(1). Capital offenses are not subject to a statute of limitations. 18 U.S.C. § 3281 ("An indictment for any offense punishable by death may be found at any time without limitation.").

Tuck argues, without support, if the jury determines Tuck is not guilty of the "special interrogatory charging 'resulting in death' then the statute of limitations should revert to the five-year period mandated in 18 U.S.C. § 3282(a)". ECF No. 125, at 5. The Government correctly indicates no such jury charge will exist, as presently the Government is not charging Tuck with the lesser included offense of non-capital kidnapping. Nor could the Government do so because of the five-year statute of limitations.

The Defendants could request the lesser included offense, but, as the Supreme Court has held, the Defendants may not request the lesser included offense and then raise a statute of limitations defense to that charge. *See Spaziano v. Florida*, 468 U.S. 447, 456 (1984) (overruled on other grounds); *see also Laird v. Wetzel*, No. 11-1916, 2016 WL 4417258, at *28 (E.D. Pa. Aug. 19, 2016) (discussing *Spaziano* as it relates to instructions on charges unavailable to the prosecution). Currently, no such request for the lesser included offense to be included has been made to this Court. But, if a request is made to instruct on the lesser included charge, the Defendants will be required to waive the statute of limitations defense to the non-capital charge of kidnapping.

Tuck also argues the fourteen-year preindictment delay violates his Due Process rights. To make out a Due Process claim, Tuck needs to demonstrate both "(1) the delay between the crime and the indictment actually prejudice his defense, and (2) the government deliberately delayed bringing the indictment in order to obtain an improper tactical advantage or to harass him." *U.S. v. Beckett*, 208 F. 3d 140, 150-51 (3d Cir. 2000) (citing *United States v. Lovasco*, 431 U.S. 783, 789-90 (1977)). Tuck clearly alleges his defense has been prejudiced by this delay: witnesses critical to his defense of alibi have died or become unlocatable, the transcripts from his 2008 trial where he was acquitted are nonexistent, and his own memory has faded. ECF No. 125, at 6. But prejudice alone is not sufficient. Tuck has made no showing that the Government *deliberately* delayed bringing the indictment with the intent to gain an advantage or harass him. This Court is unconvinced by Tuck's argument about the government cooperator harboring information until it was advantageous for him to disclose that information. In no way does this demonstrate the Government deliberately delayed bringing the indictment. Tuck cites no authority for this argument. Therefore, the Court will deny Tuck's Motion as to Count Two.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.